UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANNON WOLTE-ROTONDO

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Case No. 15-13093

Honorable Nancy G. Edmunds

**ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [21], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [18], AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [16]**

This matter comes before the Court on the Magistrate Judge's report and recommendation. (Dkt. 21.) The Magistrate Judge recommends granting Defendant's motion for summary judgment and denying Plaintiff's motion for summary judgment. (Dkt. 18, 16.) Plaintiff filed one objection to the report and recommendation and the Commissioner responded. For the reasons stated herein, the Court OVERRULES Plaintiff's objection and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation. Defendant's motion for summary judgment is therefore GRANTED, Plaintiff's motion for summary judgment is DENIED, the ALJ's decision is AFFIRMED, and this case is DISMISSED.

**I.   Standard of Review**

When a party properly objects to a report and recommendation, the Court must conduct a de novo review of the specific objected portion. Fed. R. Civ. P. 72(b)(3). The Court has jurisdiction to review the Commissioner's final administrative decision pursuant

to 42 U.S.C. §405(g). "This Court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir.1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* That is, substantial evidence is more than a scintilla but less than a preponderance of evidence. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). When reviewing the Commissioner's decision, this Court does "not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Rather, if substantial evidence supports the Commissioner's decision, it must be affirmed regardless of whether this Court would decide the matter differently or even if substantial evidence supports another conclusion. *See Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).

**II.     Analysis**

Plaintiff's only objection to the report and recommendation is that the Administrative Law Judge ("ALJ") failed to provide a "function-by-function analysis" at step four of Plaintiff's disability determination. This objection, however, is merely a recitation of an argument that was properly considered and rejected by the Magistrate Judge. (*See* Dkt. 16, at 11 ("the assessment of residual functional capacity must reflect a function-by-function analysis of an individual's capabilities ... which clearly ALJ Pope did not do in his decision").) The Court is not obligated to address objections that merely rehash prior arguments and fail to specifically identify errors in the report and recommendation. *See*

*Nork v. Comm'r of Soc. Sec.*, No. 14-12511, 2015 WL 3620482, at *1 (E.D. Mich. June 9, 2015).

But even if the Court considered the merits of Plaintiff's objection, it would fail. The fourth step of an ALJ's five-step sequential evaluation is an assessment of the individual's residual functional capacity ("RFC") and past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). Plaintiff argues that the ALJ's limitation of Plaintiff to "unskilled work" did not fulfill the function-by-function RFC analysis requirement. The Court disagrees. Although SSR 96-8p requires a "function-by-function evaluation" to determine a claimant's RFC, the ALJ does not have to present a detailed writing of the analysis. *See Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547-48 (6th Cir. 2002) (citing *Bencivengo v. Comm'r of Soc. Sec.*, 251 F.3d 153 (table), No. 99-1995 (3d Cir. Dec. 19, 2000)). Rather, the ALJ need only show how the evidence supported the RFC determination, discuss the individual's ability to perform work-related activities, and explain the resolution of any inconsistencies in the record. *Id.* at 548. Here, at Step Four, the ALJ concluded that Plaintiff was unable to perform her past relevant work and, despite "some ongoing anxiety and depression," Plaintiff "retains sufficient mental functioning to perform unskilled work." (Dkt. 14-2, at 34-36.). (Dkt. 21, at 12.) The ALJ supported his findings with a detailed discussion of the evidence, including Plaintiff's Global Assessment of Function ("GAF") scores, treatment history, physical and mental symptoms, daily activities, and work history. We agree with the Magistrate Judge that the ALJ's analysis at step four was sufficient.

### III.   Conclusion

For the above-stated reasons, the Court hereby OVERRULES Plaintiff's objection and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation. It is further

ordered that Defendant's motion for summary judgment is GRANTED, Plaintiff's motion for summary judgment is DENIED, and the case is hereby DISMISSED.

    SO ORDERED.

        S/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated:  August 2, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 2, 2016, by electronic and/or ordinary mail.

        S/Carol J. Bethel
        Case Manager